UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
:
In re: :
:
HALAL 4 U LLC, :
: **Chapter 11**
:
Debtor. : **Case No. 08-15216 (MG)**
:
------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION FOR ORDER DISMISSING CHAPTER 11 CASE, OR CONVERTING TO CHAPTER 7

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Diana G. Adams, the United States Trustee for Region 2 (the "United States Trustee"), in furtherance of the duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and (a)(5), does hereby move this Court for an order dismissing this chapter 11 case under 11 U.S.C. § 1112(b), or converting this chapter 11 case to chapter 7. In support thereof, the United States Trustee represents and alleges as follows:

## SUMMARY

The United States Trustee brings this motion to dismiss this case, or to convert this chapter 11 case to chapter 7. Specifically, the debtor Halal 4 U LLC (the "Debtor"), a limited liability company, has failed to retain counsel and is currently *pro se* in this case. Without counsel, the Debtor cannot proceed with this chapter 11 case. Accordingly, the Debtor's case should be dismissed or, in the alternative, converted to chapter 7.

**BACKGROUND**

1. The Debtor commenced this case by filing a voluntary petition under chapter 11 of the Bankruptcy Code on December 30, 2008 (the "Petition Date").

2. The United States Trustee has not appointed a committee of unsecured creditors in this case.

3. The Debtor, a limited liability company, has appeared in this Chapter 11 case without counsel. To date, the Debtor has not filed an application to retain counsel pursuant to Section 327(a) of the Bankruptcy Code.

4. Neither the United States Trustee nor any other party has moved for the relief requested herein.

**DISCUSSION**

**CAUSE EXISTS TO DISMISS THIS CHAPTER 11
CASE OR TO CONVERT IT TO ONE UNDER CHAPTER 7**

Due to the Debtor's failure to retain counsel, the United States Trustee finds material grounds for relief under 11 U.S.C. § 1112.[1] 28 U.S.C. § 586(8). This unexcused failure also provides express cause for the dismissal or conversion of this chapter 11 case. 11 U.S.C. §1112(b)(4)(F).

---

[1] Title 28 of the United States Code requires that, "in any case in which the United States trustee finds material grounds for relief under section 1112 of title 11, the United States trustee shall apply promptly [for such] relief." 28 U.S.C. § 586(8). *See also* 11 U.S.C. § 307 (providing that United States Trustee may raise and may appear and be heard on any issue in any case or proceeding under Title 11).

Section 1112(b) of the Bankruptcy Code, 11 U.S.C. § 1112(b), provides that on request of a party in interest, and after notice and a hearing, "the Court *shall* convert a case to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause." 11 U.S.C. § 1112(b)(1) (emphasis added).

While this provision of the Bankruptcy Code provides sixteen instances for which cause may be found, this Court may convert or dismiss a chapter 11 case for reasons other than those specified in section 1112(b), as long as those reasons provide "cause." *In re State St. Assoc.*, 348 B.R. 627, 639 n. 24 (Bankr. N.D.N.Y. 2006) (while the list of examples of cause has changed [since the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA")], "the fact that they are illustrative, not exhaustive has not") (citing *In re 3 RAM, Inc.*, 343 B.R. 113, 117 (Bankr. E.D. Pa. 2006)).[2]

---

[2] According to the United States Court of Appeals for the Second Circuit, the list of factors of the former version of section 1112(b), *i.e.*, before the enactment of BAPCPA, was illustrative, rather than all-inclusive. *In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1311 (2d Cir. 1997) (bankruptcy court may dismiss chapter 11 filing upon a finding that case was filed in "bad faith" even without consideration of factors set out in section 1112(b)).

**The Failure Of The Debtor,**
**A Limited Liability Company, To Retain**
**Counsel Constitutes Cause For Dismissal**

Section 327(a) of the Bankruptcy Code provides, in pertinent part, as follows:

> Except as otherwise provided in this section, the trustee, *with the court's approval*, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a) (emphasis added).

A corporation, or other artificial entity, may appear in the federal courts only through licensed counsel. *Rowland v. Cal. Men's Colony*, 113 S. Ct. 716, 721 (1993); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (a corporation involved in a legal proceeding must be represented by counsel); FED. R. BANKR. P. 9010 (Advisory Committee Note states that the rule does not purport to change prior holdings prohibiting a corporation from appearing *pro se*) (citing *In re Las Colinas Dev. Corp.*, 585 F.2d 7 (1st Cir. 1978)). In addition, this Court has noted that the *pro se* filing of a chapter 11 petition by a corporation is impermissible. *See In re BSL Operating Corp.*, 57 B.R. 945, 947 (Bankr. S.D.N.Y. 1986); s*ee also In re Bellerive Springs Bldg. Corp.*, 127 B.R. 219, 220 (Bankr. E.D. Mo. 1991) (chapter 11 petition filed on behalf of corporation by non-attorney dismissed since corporate chapter 11 petition could only be filed by attorney); *In re Global Constr. and Supply, Inc.*, 126 B.R. 573, 575 (Bankr. E.D. Mo. 1991) (chapter 11 petition filed on behalf of corporation dismissed as null and void and

subsequent entry of appearance by attorney on behalf of corporation did not cure improper filing).

Here, the Debtor's voluntary petition was signed by Halal Ahmed, in his capacity as the president of the Debtor. *See* ECF Doc. No. 1. Mr. Ahmed also signed a recent amendment to the Debtor's schedules. *See* ECF Doc. No. 3. No attorney has filed a notice of appearance on the Debtor's behalf and the Debtor has not filed an application to retain any attorney to represent it in this case. The Debtor, therefore, is currently *pro se* in this bankruptcy case. Accordingly, as the Chapter 11 Debtor limited liability company is appearing *pro se*, this case must be dismissed.

The same rule applies in the courts of the State of New York. Section 321 of New York's Civil Practice Law and Rules provides explicitly that "a corporation or voluntary association shall appear by attorney." N.Y. C.P.L.R. 321 (McKinney 2001); *see also* 1 WILLIAM H. DANNE, JR., NEW YORK JURISPRUDENCE § 80 (2d ed. 2008), *available at* NYJUR ACTIONS § 80 (Westlaw) (noting that "[w]here the defendant is a corporation or a voluntary association, it can properly be held in default if it fails to appear by attorney.").

Section 1112 requires the Court, "absent unusual circumstances specifically identified by the court," to dismiss a case if the movant establishes "cause." 11 U.S.C. § 1112(b)(1). The United States Trustee is not aware of any unusual circumstances that

would justify the denial of her motion.[3]

**WHEREFORE,** the United States Trustee respectfully requests that the Court enter an order dismissing this Chapter 11 case, pursuant to 11 U.S.C. § 1112(b), or converting to chapter 7, and granting such other and further relief as maybe deemed just and proper.

Dated: New York, New York
       January 21, 2009

                                      DIANA G. ADAMS
                                      UNITED STATES TRUSTEE

                       *By:*   */s/ Nazar Khodorovsky*
                               Nazar Khodorovsky
                               Trial Attorney
                               33 Whitehall Street, 21st Floor
                               New York, New York 10004
                               Tel. No. (212) 510-0500
                               Fax. No. (212) 668-2255

---

[3] The bankruptcy court must also commence the hearing on the motion not later than 30 days after the filing thereof, and decide the motion not later than 15 days after the commencement of the hearing, unless the United States Trustee consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting these time limits. 11 U.S.C. § 1112(b)(3). To the extent over 30 days elapse between the time the motion is filed and the date the court may first hear it, the United States Trustee hereby consents to a continuance under section 1112(b)(3).