UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————x

In re:                 CASE NO. 08-15216 (MG)

    HALAL 4 U LLC         Chapter 7

        Debtor

———————————————x

# RESPONSE TO THE CHAPTER 7 TRUSTEE'S
# MOTION TO TURN OVER PROPERTY OF THE ESTATE

The Debtor, Halal 4U LLC, through its Attorney, Murray Rafsky, respectfully requests this Honorable Court to deny the Trustee's motion for a turnover of funds as these funds are not the property of the estate and there is a substantial body of documents, testimony and case law, as demonstrated in the attached Memorandum of Law, to substantiate the Debtor's request.

**Restatement of Facts:**

The Debtor takes issue with the Trustee's statement of facts as follows:

1. Admitted

2. Admitted

1

3. Admitted by way of factual answer; there is a pending appeal, in the Federal Court for the Southern District of New York, as to "Whether the Court erred in converting the Chapter 11 petition rather than dismissing same."

4. Admitted

5. Denied. The Debtor operated pursuant to a Joint Venture agreement and not as a holding company. Further, the Debtor has specific responsibilities and limited power under that Joint Venture agreement. The Trustee has no greater rights under that agreement than what it provided to the Debtor. This is reflected by multiple citations in the attached Memorandum of Law.

6. The Debtor did not ask for a stay in view of the Court's stated desire that this matter be disposed of as expeditiously as possible. However, the appeal specifically deals with issues contained in the instant motion before the Court.

7. Admitted in part and denied in part. The Court did place a foot note in the order for conversion but it is denied that that said footnote statement is in any way dispositive of the issues before the Court. Further, it is curious that the Trustee noted the footnote but failed to mention the Court's specific language in said order, that the Debtor has not supported its asserted rights in the property, nor the finding by the Court that the Debtor had failed to sufficiently describe its interests in the property.

The trustee is being disingenuous by trying to present to the Court that the mere holding of funds by a Debtor is equivalent to property of the estate pursuant to 11 USC 541. In fact the money held in trust was not derived from any property owned by the Debtor but was held solely for the benefit of Continente Corp. pursuant to the Joint Venture agreement for use, if at all, at the sole discretion of Continente. The trust account has an actual balance of $137,009.76 and from its inception has only a single withdrawal (October 2009)l for the payment of taxes pursuant to

instructions from Continente in payment of a tax invoice forwarded by Litton Services.

8. Admitted to the extent that it is a written document and speaks for itself.

9. Admitted but the inability to respond was due to illness and medical treatment.

10 Admitted in part and denied in part. An accounting has been provided and it is denied that these funds constitute property of the estate. (There is a single piece of realty owned by the Debtor and the trustee has been advised of same.)

11. Denied. The Trustee is relying on a footnote when in realty the issue has never been raised or adjudicated until the present, and therefore, there has never been a finding that the money is the property of the estate. The Court expressed this condition at the hearing of April 14, 2010 when it stated:

"we're not going further.... with plan hearings until I'm satisfied that **this Debtor has an interest in these properties.** (emphasis added)

"I understand that the mortgagees, one of their main arguments was we don't know who this Debtor is so we're not going to accept payment from him. We have no contract relationship with him. That's not--they weren't the mortgagees, they're not on the title and we are not going to accept payments from them."

Further, the Trustee conveniently overlooks that Continente not the Debtor has always held title to the real estate in question. A fact that has been repeatedly reiterated by the secured Creditors and questioned by the United States Trustee. Additionally, the Trustee overlooks that all of the leases for the various rental units are in the name of Conmtinente, that all of the rental checks are solely for the benefit of Continente, and all rental payments are mailed directly top Continente, anmd that by law the City can only enter lease agreements with actual property

3

ownerwhich makes 11 USC 541(a) (6) inapplicable as rents are not derived from property of the estate, *ie,* but from the houses solely owned by Continente.

12. Denied. The statement of 11 USC 542 (a) is solely a conclusion of law to which no response is required.

13. Denied. The funds are not property of the estate and cannot be turned over to the Trustee.

14. Admitted in part and denied in part. It is admitted that the Court may order a party to turn over property of the estate to a Trustee. It is denied that the Court can order the turn over property that is not the property of the estate.

15. Admitted in part and denied in part. It is admitted that the Debtor has not sought to obtain a stay of the conversion order. It is denied that this Court can order a turnover of the funds as those funds do not constitute property of the estate pursuant to 11 USC 541.

**Additional fact matter:**

16. The Trustee is aware that Continente has a legitimate claim to these funds and should have been served with notice of this motion and these proceedings, in order for them to be given the opportunity to be heard and to respond to this motion as well as being provided an opportunity to state their claim.. The failure to provide this opportunity to Continente subjects the Debtor and Debtor's Counsel to potential litigation and claims for these funds. In view that the Debtor's Counsel's services are rendered totally pro-bono such additional litigation would be an overwhelming burden.

Wherefore, the Debtor, respondent requests that the Court deny the request for turnover of funds

Respectfully,

*/s/ Murray S. Rafsky*

s/ Murray S. Rafsky
150 Southfield Avenue
Suite 1238
Stamford, CT. 06902
Tel. 20316-8090
Fax 203-316-8057